IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN C. LOGSDON,<br><br>        Plaintiff,<br><br>  vs.<br><br>BNSF RAILWAY COMPANY, a corporation; and ANDREW CALLAHAN, an individual;<br><br>        Defendants. | 8:15CV232<br><br>**MEMORANDUM AND ORDER** |

      The defendants moved to dismiss the plaintiff's complaint, (Filing No. 11), and to change the location of trial to Lincoln, Nebraska. (Filing No. 34). The defendants' motion to dismiss has been denied. Their motion to change the trial location is fully submitted and opposed by the plaintiff. For the reasons discussed below, the motion will be granted and this case will be transferred to the Lincoln trial docket.

ANALYSIS

      The plaintiff's complaint was initially filed in the United States District Court for the District of Colorado. (Filing No. 1). Over Plaintiff's objection, the case was transferred to the United States District Court for the District of Nebraska on June 24, 2015, (Filing No. 25), and was assigned to Omaha by the Clerk of this court. The defendants moved to transfer the case to the Lincoln trial docket for "the convenience of the litigants, witnesses, and attorneys. . . ."(NECivR 40.1(b)(1)). The plaintiff argues Omaha is the more convenient trial location.

      In support of its motion, the railroad explains that Defendant Callahan resides in Denver, but travels frequently for his employment and is currently involved in a 25-week implementation project for BNSF in Lincoln. (Filing No. 13-1, at CM/ECF p. 2). The

plaintiff and the lay witnesses for both parties are located in western Nebraska, which is closer to Lincoln than to Omaha. Plaintiff's medical providers and attorney are located in Colorado, which is closer to Lincoln than Omaha.

In support of an Omaha trial location, the plaintiff argues there are more flights and less expensive direct flights between Denver and Omaha than between Denver and Lincoln. But if the number of routes and cost of airfares was afforded significant consideration, as between Lincoln and Omaha, cases would be subject to re-location to Omaha from Lincoln whenever a witness or party would likely be flying to Nebraska to attend the trial. That is, with Lincoln and Omaha less than 60 miles apart, a party could always argue that any highway travel inconvenience for Nebraska witnesses is outweighed by the easier air access to Omaha (with its larger airport and more carriers) for distant parties, witnesses, and attorneys. This interpretation of "convenience of the litigants, witnesses, and attorneys" would undermine the intent of having three Nebraska trial locations. The Lincoln and North Platte locations of the Nebraska federal court serve a substantial portion of Nebraska, with separate jury pools drawn to reflect and respect the interests of Nebraska citizens beyond the Omaha area and its jury pool. Omaha's larger airport should not be a deciding factor in determining where Nebraska's federal cases will be tried.

Lincoln's airport is highly accessible from the Lincoln federal courthouse, and is served by both Delta and United Airlines, with direct flights between Lincoln and Denver. The plaintiff, his counsel, his medical providers, and the Nebraska witnesses are closer to Lincoln than Omaha; Defendant Callahan is currently working in Lincoln; the defendant railroad and its counsel are located in Lincoln; and Plaintiff's counsel and medical providers can fly directly from Denver to Lincoln. Or they can drive to Lincoln. Or they can fly to Omaha and from there, drive 60 miles to Lincoln. The choice is theirs.

On balance, the court finds Lincoln is the more convenient trial location for this case.

Accordingly,

IT IS ORDERED:

1) Defendants motion to change the location of trial to Lincoln, Nebraska, (Filing No. 34), is granted, and this case is transferred to the Lincoln trial docket.

2) Counsel for the parties shall confer and, on or before September 3, 2015, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms in Word and WordPerfect format.

3) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before August 27, 2015, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

August 13, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge