# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN C. LOGSDON, ) | CASE NO. 8:15 CV 00232 |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATED PROTECTIVE |
| vs. ) | ORDER |
| ) | |
| BNSF RAILWAY COMPANY, a ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Parties' joint motion for a Protective Order. The Court finds that good cause exists for the entry of a Protective Order to protect the confidentiality of certain information exchanged during the course of this lawsuit. As such the Court grants the Parties' joint Motion for a Protective Order and enters the following Stipulated Protective Order:

During discovery in this case, Plaintiff has requested - via Request for Production of Documents No. 35, 36, 48 and 50 (and to the extent such documents are responsive to nos. 31, 33, and 41) from his First and Second Set of Requests for Production of Documents ("RFPs") - documents and other information that contains "Confidential Information" (defined below) that should be kept confidential. To prevent injury through improper disclosure of this type of information, to allow discovery to proceed without delay, and to avoid disputes regarding the confidential nature of such information, the Court finds that good cause exists under Rule 26(c) of the Federal Rules of Civil Procedure for the following protections and procedures. **This Agreed Protective Order only applies to documents being produced by BNSF in response to Plaintiff's**

**First Request for Production Nos. 35, 36, 48 and 50 (and to the extent such documents are responsive to nos. 31, 33, and 41).**

**1. Definitions.**

    **1.1 Confidential Information.**

The term "Confidential Information" shall mean the following: non-public financial, private employee, and confidential business information of the Parties that is maintained in a confidential manner, including personal employee performance reviews and company financial performance; non-public information regarding Defendant's clients and employees that is maintained in a confidential manner; non-public personnel records that are maintained in a confidential manner; proprietary information; trade secrets; and other confidential research, development or commercial information within the meaning of Fed.R.Civ.P. 26(c)(1)(G).

**2. Initial Designations.**

    **2.1 Produced Documents.**

If a party believes that any written, recorded, or graphic material, tangible items, electronically stored information, or any other form of information that it produces in this action pursuant to discovery, subpoena, Court Order, written discovery request, or agreement of the Parties, including specifically the information requested by the RFPs, contains Confidential Information, it may designate such material as confidential by stamping the words "Confidential - Subject to Protective Order" (or some other reasonable notation calling attention to the sensitive and/or proprietary nature of the document) on the document or written discovery material. Materials designated as "Confidential" and all documents, including court filings, which quote from, summarize,

or comment on any such materials shall be treated as confidential as set forth in this Agreed Protective Order and shall be used solely for the prosecution or defense of this matter (including any appeals). Subject to a party's right to object, the designation of documents as "Confidential - Subject to Protective Order" means that the document or documents so designated qualify for the protections herein.

### 2.2 Production in Electronic Form.

If a producing party elects to produce in electronic form documents or other information that contain Confidential Information, the producing party shall ensure the electronic documents or information contain designations of Confidential Information pursuant to Subparagraph 2.1, so that if any electronic information is printed, the designation will appear on the printed copy.

### 2.3 Depositions.

Deposition testimony shall be treated as containing Confidential Information under the terms of this Protective Order if so designated at any time on the record during the deposition or otherwise in writing within thirty (30) days after receipt of a deposition transcript. The party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential. The designation of documents as "Confidential - Subject to Protective Order" means that the testimony or transcript portions so designated qualify for the protections herein. All parties in possession of a copy of a designated deposition transcript shall appropriately label or mark it as containing Confidential Information.

### 3. Handling of Confidential Information.

### 3.1 Authorized Disclosures.

The parties shall not disclose or disseminate documents or other information designated Confidential Information to any person except the following:

a) the parties in the above-captioned matter, including current or former employees and/or agents of the parties that are assisting with this litigation;

b) counsel of record and other counsel for the parties and counsel's employees and/or agents that are assisting with this litigation;

c) outside experts and consultants working with counsel for the parties, which are requested by counsel, in good faith, to provide assistance in connection with this action and who execute an agreement in the form attached hereto as Exhibit A;

d) the Court (including court reporters, stenographic reporters and other Court personnel);

e) any other person as to whom the producing party agrees in writing; and

f) any witness to whom disclosure is necessary for the prosecution or defense of the action, and who executes an agreement in the form attached hereto as Exhibit A.

### 3.2 Maintenance of Agreements.

The written agreements required before authorized disclosure of Confidential Information to the persons or entities described in subparagraph 3.1(c) and (f) shall be maintained by counsel for the disclosing party until ninety (90) days after the conclusion of this case.

### 3.3 Unauthorized Disclosures.

If Confidential Information is disclosed to any person or entity other than in the manner authorized by this Protective Order, the party responsible for the unauthorized disclosure shall immediately notify the designating party in writing. Without prejudice to

any other rights and remedies of the designating party, the responsible party shall make every reasonable effort to obtain the return of the Confidential Information and to prevent any further disclosure of the Confidential Information.

### 3.4 Use of Own Confidential Information.

Notwithstanding any other provisions of this Agreed Protective Order, it shall have no effect on, and shall not limit or restrict, any party's use of documents from its own files, its own Confidential Information, or information that a party already has in its possession or has access to under preexisting agreements.

### 3.5 Use and Disclosure of Public Domain Materials.

This Agreed Protective Order governs use, dissemination, and disclosure of properly designated Confidential Information only. It does not affect in any way the rights of the parties to use, disseminate, or disclose materials legitimately obtained either from the public domain or from a source other than the discovery process in this case.

### 3.6 Court Filings.

To the extent a party seeks to file Confidential Information with the Court, it shall file a motion seeking leave to file the particular document under seal pursuant to NECivR 5.3.

### 4. Use of Confidential Information at Pretrial Hearings.

At least 48 hours prior to any party's use of Confidential Information in a pretrial hearing, that party shall notify the Court and the designating party and shall identify the Confidential Information to the designating party. The designating party shall have the

right to request that the Court take steps to ensure the continued confidentiality of the Confidential Information.

**5. Objections to Designations.**

Any party may at any time notify the other party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as Confidential Information. In that event, the challenging and designating parties shall attempt to resolve any disputes on an informal basis. If the dispute cannot be resolved, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The material in issue shall continue to be treated as Confidential Information until the Court orders otherwise.

**6. Other Disclosures.**

If counsel for a party receiving Confidential Information desires to disclose it to any person other than those referred to in Paragraph 3, such counsel shall give ten (10) days written notice to counsel for the designating party. Such written notice shall specify the information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the parties shall attempt to resolve the request informally. If the request cannot be resolved, the requesting party, upon reasonable notice, may move for an order of the Court permitting disclosure of such material to such person. The Confidential Information shall not be disclosed unless and until the Court orders that it is non-confidential or orders that its disclosure to any such person is permissible.

**7. No Implied Waivers.**

(a) The entry of this Agreed Protective Order shall not be interpreted as a waiver of the Parties' right to object, under applicable law, to the production of information in response to discovery requests, to the use or admission of any information at a pretrial hearing or trial, or to a requested inspection of documents, things, or facilities.

(b) The inadvertent failure by a producing party to designate a document or testimony or other information as Confidential Information shall not constitute a waiver of such party's right to subsequently designate the document, testimony, or other information when the error is discovered. Any such designation shall be effective when communicated in writing to counsel for the receiving party within thirty (30) days of production. After the expiration of thirty (30) days, the producing party may seek relief from the Court. No party will be deemed to have violated any provision of this Agreed Protective Order by treating or handling such information as non-confidential prior to the receipt of written notification of the failure to designate the information as Confidential Information. In addition, the written notification does not impose an obligation to retrieve any documents or tangible things that have otherwise been properly disseminated to any third party prior to receipt of the written notification. If, however, the documents or tangible things at issue can reasonably be retrieved so that all copies or versions can be properly designated, the Parties agree to make good-faith efforts to do so.

**8. Effective Length.**

During and after the conclusion of this litigation, including any appeals, the restrictions on communication and disclosure set forth in this Agreed Protective Order shall continue to be binding upon the Parties and all other persons to whom Confidential

Information has been communicated or disclosed pursuant to the provisions of this Agreed Protective Order or any other order of any applicable court of competent jurisdiction.

**9. Handling Upon Conclusion of Case.**

Within sixty (60) days after the final termination of this proceeding, including any proceedings in any appellate court, each party, upon the request of the other party, shall destroy or return to the designating party all Confidential Information designated by the other party (including any such information disclosed to third persons), except for any attorneys' work product and except for any such material that has become part of the record. A party that destroys Confidential Information subject to this paragraph shall certify in writing that such destruction has been completed.

**10. No Other Rights Affected.**

Nothing in this Agreed Protective Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Agreed Protective Order, and this Agreed Protective Order may be amended by filing a motion seeking leave of the Court to do so. Nothing in this Order shall be construed to preclude a party who has received Confidential Information pursuant to this Order from producing such information in response to valid subpoena or order issued by a court or agency of competent jurisdiction in connection with any other action, upon the giving of ten (10) days notice to the party who has designated the material as confidential, or upon an appropriate order.

**11. Miscellaneous.**

(a) Counsel for any party producing Confidential Information shall have the right to exclude from any deposition any person (other than the deponent, the plaintiff, court reporter, and any videographer), who is not allowed access by this Protective Order to Confidential Information. This right to exclude shall be applicable only to those periods of examination or testimony discussing or disclosing Confidential Information.

(b) A producing party shall Bates number or provide another unique identifying number for each page of each document that is designated as Confidential Information and produced in this case.

(c) The procedures established by this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection or relief from the Court regarding any issue addressed herein. This Stipulated Protective Order is entered without prejudice to the rights of any party to apply to the Court at any time for modification of, or exception to, this Stipulated Protective Order.

(d) The Court's jurisdiction to enforce this Stipulated Protective Order terminates upon final disposition of this case. A party may, however, file a motion to seek leave to reopen the case to enforce the provisions of this Stipulated Protective Order.

(e) By entering into this Stipulated Protective Order at this time, the parties do not agree or concede that any documents identified and produced as "Confidential Information" (defined above) in discovery shall remain as such at the trial of this matter. The provisions of this Stipulated Protective Order do not extend to or address the introduction at trial of documents previously identified as "Confidential Information."

**IT IS THEREFORE ORDERED** that the Parties' joint request for a Stipulated Protective Order is **GRANTED** and a Stipulated Protective Order, pursuant to Fed.R.Civ.P. 26(c), is entered as set forth herein.

**IT IS ALL SO ORDERED.**

Dated in Lincoln, Nebraska this ___3rd___ day of __August_____, 2016.

                                              Judge Cheryl Zwart
                                              U.S. Magistrate-Judge
                                              U.S.D.C. for the District of Nebraska

Agreed to and approved by:

| CHOD LAW, LLC | SATTLER & BOGEN, LLP |
|---|---|
| By:   */s/ Jeffrey E. Chod*<br>       Jeffrey E. Chod<br>P.O. Box 17727<br>Denver, CO 80217-7727<br>(314) 541-5862 [cell]<br>(719) 470-2244 [fax]<br>jchod@chodlawfirm.com<br><br>Donald F. D'Antuono<br>SCHNELL, D'ANTUONO LAW FIRM<br>1120 Lincoln Street, Suite 1304<br>Denver, CO 80203<br>dfdant@aol.com<br>**ATTORNEYS FOR PLAINTIFF** | By:   */s/ Nichole S. Bogen*<br>Nichole S. Bogen, # 22552<br>Tyler K. Spahn, #25308<br>SATTLER & BOGEN LLP<br>701 P Street, Suite 301<br>The Creamery Building<br>Lincoln, NE 68508<br>Tel: (402) 475-9400<br>Fax: (402) 475-9411<br>nsb@sattlerbogen.com<br>tks@sattlerbogen.com<br>**ATTORNEYS FOR DEFENDANT** |

## EXHIBIT A

## AGREEMENT TO ABIDE BY TERMS OF STIPULATED PROTECTIVE ORDER

1. I have read the Stipulated Protective Order entered on _____, 20___ in Case No. 8:15 cv 00232, currently pending in, or on appeal from, the United States District Court for the District of Nebraska, and a copy of it has been provided to me.

2. I understand the provisions of the Stipulated Protective Order, and agree to comply with and to be bound by those provisions.

3. I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of the Stipulated Protective Order, or copy or use except solely for the purposes of this case, any documents, testimony or other information designated as Confidential Information (as defined in the Stipulated Protective Order) pursuant to the terms of the Stipulated Protective Order.

4. I will return all Confidential Information to counsel who provided the Confidential Information to me, or destroy it, within thirty (30) days after I am notified that this case has concluded. If Confidential Information is destroyed, I will certify in writing that the destruction has been completed.

Signature: _____

Printed Name: _____

Date: _____