IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN C. LOGSDON,

Plaintiff,

vs.

BNSF RAILWAY COMPANY, a
corporation;

Defendant.

8:15CV232

MEMORANDUM AND ORDER

Plaintiff has moved to compel production of the training materials used to educate and train BNSF management official Andrew Callahan. (Filing No. 82). Plaintiff's complaint includes: 1) a FELA claim for damages arising from a personal injury allegedly caused by BNSF's negligence or regulatory violations, (Filing No. 1, at CM/ECF pp. 2-5); a FRSA claim against BNSF which alleges Plaintiff was terminated for engaging in protected activity, i.e., reporting a work-related personal injury to the railroad, (Filing No. 1, at CM/ECF pp. 5-10); and a FRSA claim against Callahan for allegedly intimidating and prohibiting the plaintiff from truthfully reporting his work-related injury, (Filing No. 1, at CM/ECF pp. 7, 11). The complaint does not allege an employment discrimination claim.

During his deposition, Callahan testified about the classroom and online training he received through BNSF's Human Resources Department regarding OSHA "whistleblower" laws. (Filing No. 91-2, at CM/ECF p. 6-12 at 43:22–47:4, 71:4–73:12). As a follow up to this deposition testimony, Plaintiff requested those training materials as follows:

REQUEST FOR PRODUCTION NO. 43: Produce a copy of the actual training materials/training module used in 2012 and 2013 for the Mechanical Supervisors Certification as testified to by Andrew Callahan during his deposition on December 8, 2015.

REQUEST FOR PRODUCTION NO. 44: Produce a copy of the actual training materials/training module used in 2012 and 2013 for the EEO training as testified to by Andrew Callahan during his deposition on December 8, 2015.

REQUEST FOR PRODUCTION NO. 45: Produce a copy of the actual training materials/training module used in Gillette, Wyoming to train certain BNSF employees, including Andrew Callahan on the FRSA/OSHA whistleblower laws as testified to by Andrew Callahan during his deposition on December 8, 2015.

REQUEST FOR PRODUCTION NO. 46: For the years 2012 and 2013 produce a copy of the actual training materials/training module in the web-based Supervisor's Code of Conduct training dealing with the FRSA/OSHA whistleblower laws as testified to by Andrew Callahan during his deposition on December 8, 2015.

(Filing No. 86-2).  The requested training materials were created by BNSF's in-house counsel, or at its direction, or with its final review and approval; the requested materials were used for training only BNSF supervisory personnel; and the documents were not released as handouts, distributed outside the classroom, or posted online for later download and review. (Filing No. 91-3).

The railroad objects to producing the requested documents, asserting they are protected by the attorney-client privilege.  The railroad further claims the training Callahan received through BNSF's in-house counsel is not relevant to any element of plaintiff's § 20109 claim against BNSF, (Filing No. 90, at CM/ECF p. 6).  And as to both Defendants, BNSF claims EEO training materials are irrelevant because Plaintiff does not allege he faced retaliation or was terminated for being a member of a protected status or class, such as race, religion, gender, or national origin.  (Filing No. 90, at CM/ECF p. 7).

2

Plaintiff's Request No. 44 demands production of the 2012 and 2013 training materials used in providing EEO training to Callahan.   This request no doubt encompasses documents that have nothing to do with the employment issues raised in Plaintiff's complaint; e.g., race or gender discrimination, sexual harassment, etc.  Having already conferred with counsel to assist in resolving their discovery disputes, the court will not re-craft or -draft Plaintiff's discovery requests to narrow the scope. Instead, BNSF's objection to Production Request No. 44 will be sustained.

Requests 43, 45, and 46 are tailored to the issues of this case.  The railroad objects to production, claiming the responsive documents are not discoverable under the attorney-client privilege.

The purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients by assuring clients that their disclosures will be held in confidence.  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).  As such, the attorney-client privilege is inapplicable when communications with counsel were not made for the purpose of securing or providing legal advice.  Diversified Indus., Inc., 572 F.2d 596, 609 (8th Cir. 1977) (en banc).  "[T]he party invoking the privilege must show the communication is for the purpose of securing primarily either (1) an opinion on law; or (2) legal services; or (3) assistance in some legal proceeding."  Nat'l Sec. Counselors v. Cent. Intelligence Agency, 2016 WL 4621060, at *30 (D.D.C. Sept. 6, 2016) (applying federal privilege law).

"[A]pplication of the privilege should ordinarily be limited to legal advice leading to a decision by the client."  In re Domestic Drywall Antitrust Litig., 2014 WL 5090032, at *3–4 (E.D. Pa. 2014).  General policy statements and instructional guides, the purpose of which is to notify employees of legal requirements, is not specific legal advice.  "No court has yet held that a corporate policy of lawfulness is protected from discovery as

privileged."  Id.  See also, Stevens v. Corelogic, Inc, 2016 WL 397936, at *6 (S.D. Cal.
Feb. 2, 2016).  Where, as in this case, the communication is from counsel to client, the
privilege applies to only those communications by the lawyer which "reveal, directly or
indirectly, the substance of a confidential communication by the client."  Am. Standard
Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987).  Documents which merely explain
an area of law fall outside the privilege:  A summary of applicable law, by itself, neither
reveals nor threatens to expose any client confidential communications.  Id.

Based on the information before the court, Requests 43, 45, and 46 request
BNSF's training and instructional materials on the state of OSHA whistleblower law.
Even if prepared by in-house counsel, these materials do not provide specific legal advice
and disclosure will not reveal confidential client communications. The railroad's
privilege objection to Requests 43, 45, and 46 will be denied.

The railroad has also produced a privilege log and documents for the court's *in
camera* review.  (Filing No. 94).  The court has completed that review, and its rulings on
disclosure are set forth in the attached table.

Accordingly,

IT IS ORDERED:

1)      Plaintiff's motion to compel, (Filing No. 82), is denied as to Request No.
44, and granted as to Requests 43, 45, and 46.  On or before October 26, 2016, the
railroad shall produce the documents responsive to  Requests 43, 45, and 46.

2)      The railroad's objections to production of documents described in its
privilege log, (Filing No. 94), is granted in part and denied in part as set forth in the

attached.   On or before October 26, 2016, the railroad shall produce the documents for which its privilege claims as stated in the privilege log were denied.

October 12, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 1. | BNSF Personal Injury Report Form F6180.98 (3 pages) | 1/16/13 | Supervisor Notified: A. Callahan, General Foreman | FRA | 49 U.S.C. § 20903 and 49 C.F.R. § 225.7(b) | Privileged report protected from discovery pursuant to 49 U.S.C. § 20903, 49 C.F.R. § 225.7(b) and the self-critical analysis doctrine. | BNSF's Counsel | Moot: Resolved by the parties.[1] |
| 2. | Email chain re: reportability of Logsdon injury DOI 1/16/13, 1 page. | 7/10-11/13 | M. Shea, General Claims Manager Quality Assurance; J. McCroskey, Senior Claims Representative | J. McCroskey, Senior Claims Representative; M. Dimmitt, Claims Representative; G. Lauffer, General Claims Manager; P. Newell, General Claims Director | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Work product objection sustained. This document is a communication by the BNSF claims department during and in furtherance of its investigation of Logsdon's personal injury report, claim, and anticipated litigation. |
| 3. | Email chain re: Logsdon Investigation, 2 pages | 10/30/13 | M. Dimmitt, Claims Representative; A. Callahan, General Foreman; L. Morse, Mechanical Specialist | M. Dimmitt, Claims Representative; A. Callahan, General Foreman; L. Morse, Mechanical Specialist | Attorney Work Product Doctrine; FRCP 26(b)(3) | The emails were prepared in anticipation of litigation and at the direction of legal counsel. The attached Formal Investigation Transcript and Exhibits were produced in discovery responses. | BNSF's Counsel | Work product objection sustained. This email exchange discloses the documentation the BNSF claims department focused on and gathered in preparation for reviewing and investigating Logsdon's personal injury report, claim, and anticipated litigation. |

---

[1] See Filing No. 103, at CM/ECF p. 1.

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 4. | Email re: Logsdon's Statement to Claims, 1 page | 7/11/13 | M. Dimmitt, Claims Representative | T. Garrett, Manager Safety; J. McCroskey, Senior Claims Representative | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. The attached transcript of Plaintiff's statement was produced in discovery responses. | BNSF's Counsel | Work product objection sustained. This email cites the portion of a document the BNSF claims department believed was relevant to its evaluation investigation of Logsdon's personal injury report, claim, and anticipated litigation. |
| 5. | Email re: reportability of Logsdon injury DOI 1/16/13, 1 page. | 7/10/13 | M. Shea, General Claims Manager Quality Assurance | J. McCroskey, Senior Claims Representative; M. Dimmitt, Claims Representative; G. Lauffer, General Claims Manager; P. Newell, General Claims Director | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Work product objection sustained. This email cites the portion of a document the BNSF claims department believed was relevant to its evaluation investigation of Logsdon's personal injury report, claim, and anticipated litigation. |
| 6. | Claims Department notes re: Medical and Employment Chronology, 1 page | Undated | BNSF Claims Department | For the file, investigating claims representatives, and legal counsel. | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot: Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 7. | Claims Department notes re: Medical and Employment Chronology, 1 page | Undated | BNSF Claims Department | For the file, investigating claims representatives, and legal counsel. | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 8. | Claims Department notes re: Medical and Employment Chronology, 2 pages | Undated | BNSF Claims Department | For the file, investigating claims representatives, and legal counsel. | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 9. | Claims Department memo re: Logsdon Injury Investigation and Telephone Conversation with A. Callahan, 1 page | 5/24/13 | J. McCroskey, Senior Claims Representative | For the file, investigating claims representatives, and legal counsel. | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Work product objection sustained. This document include the notes of a statement obtained by a BNSF Claims representative during his investigation of Logsdon's personal injury report. |
| 10 | Claims File Review of Logsdon Injury Investigation, 2 pages | 10/30/13 | M. Shea, General Claims Manager Quality Assurance | For the file, investigating claims representatives, and legal counsel. | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 11 | Email correspondence re: Logsdon Injury Investigation and Results of Formal Investigation, 2 pages | 10/30/13 | M. Dimmitt, Claims Representative; A. Callahan, General Foreman | A. Callahan, General Foreman; L. Morse, Mechanical Specialist | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Work product objection sustained. This email reflects BNSF Claims representatives' impression and the information requested in preparation for anticipated litigation by Logsdon. |
| 12 | Supervisor's Report of BNSF Employee Injury/Illness | 1/16/13 | A. Callahan, General Foreman | Safety Incident Reporting / FRA | 49 U.S.C. § 20903 and 49 C.F.R. § 225.7(b) | Privileged report protected from discovery pursuant to 49 U.S.C. § 20903, 49 C.F.R. § 225.7(b) and the self-critical analysis doctrine. | BNSF's Counsel | Moot: Resolved by the parties. See footnote 1. |
| 13 | Email chain re: Logsdon's Formal Investigation and Discipline | 7/29/13- 8/20/13 | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations | L. Esquivel, Superintendent Field Operations; D. Freshour, Regional Director Human Resources; A. Hyatt, General Attorney; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, BNSF Asst. Manager Labor Relations; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3) Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications seeking legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by Andrew Callahan. This email string, forwarded to BNSF in-house counsel A. Hyatt and J. Willingham, outlines the client's reasons and request for seeking legal advice from in-house |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | counsel, and the information collected and deemed relevant by the company in evaluating the legal issues. |
| 14 | Email chain re: Logsdon's Formal Investigation and Discipline | 7/29/13-8/15/13 | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations | L. Esquivel, Superintendent Field Operations; D. Freshour, Regional Director Human Resources; A. Hyatt, General Attorney; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications seeking legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by Andrew Callahan. This email string, forwarded to BNSF in-house counsel A. Hyatt and J. Willingham, outlines the client's reasons and request for seeking legal advice from in-house counsel, and the information collected and deemed relevant by the company in evaluating the legal issues. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 15 | Email chain re: Logsdon's Formal Investigation and Discipline | 7/29/13- 8/14/13 | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; A. Hyatt, General Attorney | L. Esquivel, Superintendent Field Operations; D. Freshour, Regional Director Human Resources; A. Hyatt, General Attorney; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications seeking legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by Andrew Callahan. This email string, forwarded to BNSF in-house counsel A. Hyatt and J. Willingham, outlines the client's reasons and request for seeking legal advice from in-house counsel, and the information collected and deemed relevant by the company in evaluating the legal issues. |
| 16 | Email chain re: Logsdon's Formal Investigation and Discipline | 7/29/13- 8/21/13 | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO | L. Esquivel, Superintendent Field Operations; D. Freshour, Regional Director Human Resources; A. Hyatt, General Attorney; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications seeking legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | North, Mechanical; D. Cargill, Asst. Manager Labor Relations | Labor Relations; J. Willingham, Attorney II | | | | Andrew Callahan. This email string, forwarded to BNSF in-house counsel A. Hyatt and J. Willingham, outlines the client's reasons and request for seeking legal advice from in-house counsel, and the information collected and deemed relevant by the company in evaluating the legal issues. |
| 17 | Email chain re: Logsdon's Formal Investigation and Discipline | 8/14/13-8/23/13 | J. Nelson, Asst. General Foreman Car; D. Cargill, Asst. Manager Labor Relations | L. Esquivel, Superintendent Field Operations; M. Voloshin-Kile, Manager Human Resources; D. Cargill, Asst. Manager Labor Relations; J. Nelson, Asst. General Foreman Car; J. Willingham, Attorney II; B. Mabry, AVP/CMO North, Mechanical; D. Freshour, Regional Director Human Resources | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. The attached Formal Investigation Transcript was produced in discovery responses. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances under which a dismissal for dishonesty is warranted. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 18 | Email chain re: Logsdon's Statement and Notice of Investigation | 7/24/13 | L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations; A. Hyatt, General Attorney | B. Mabry, AVP/CMO North, Mechanical; J. Wright, Vice President Mechanical; L. Esquivel, Superintendent Field Operations; D. Cargill, Asst. Manager Labor Relations; A. Hyatt, General Attorney; O. Wick, General Director Labor Relations; S. Johnson, Manager Labor Relations; J. Nelson, Asst. General Foreman Car; L. Stroik, Senior General Attorney; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. The attached Employee Personal Injury/Occupational Illness Report and handwritten statement by Logsdon were produced in discovery responses. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances under which a dismissal for dishonesty is warranted. |
| 19 | Email chain re: Logsdon's Statement and Notice of Investigation | 7/24/13-7/25/13 | L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations; J. | B. Mabry, AVP/CMO North, Mechanical; J. Wright, Vice President Mechanical; L. Esquivel, Superintendent Field Operations; D. Cargill, Asst. Manager Labor Relations; A. Hyatt, General Attorney; O. Wick, General Director | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. The attached Employee Personal Injury/Occupational Illness Report and | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | Willingham, Attorney II | Labor Relations; S. Johnson, Manager Labor Relations; J. Nelson, Asst. General Foreman Car; L. Stroik, Senior General Attorney | | handwritten statement by Logsdon were produced in discovery responses. | | under which a dismissal for dishonesty is warranted. |
| 20 | Email chain re: Plaintiff's Formal Investigation, Discipline | 8/14/13-8/22/13 | J. Nelson, Asst. General Foreman Car; D. Cargill, Asst. Manager Labor Relations | L. Esquivel, Superintendent Field Operations; M. Voloshin-Kile, Manager Human Resources; D. Cargill, Asst. Manager Labor Relations; J. Nelson, Asst. General Foreman Car; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. The attached Transcript of the Formal Investigation was produced in discovery responses. | BNSF's Counsel | Attorney-client objection sustained. This email reflects communications with BNSF in-house counsel regarding the draft, determination, and deadlines for BNSF's investigation of Logsdon's alleged false reporting and misconduct. |
| 21 | Email re: Plaintiff's Investigation, Discipline | 8/21/13 | J. Willingham, Attorney II | L. Stroik, Senior General Attorney | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | under which a dismissal for dishonesty is warranted. |
| 22 | Email chain re plaintiff's investigation, | 7/25/13 | L. Stroik, Senior General Attorney; J. Willingham, Attorney II | L. Stroik, Senior General Attorney; J. Willingham, Attorney II | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances under which a dismissal for dishonesty is warranted. |
| 23 | Email re: Plaintiff's Investigation, Discipline | 7/24/13 | L. Esquivel, Superintendent Field Operations; B. Mabry, AVP/CMO North, Mechanical; D. Cargill, Asst. Manager Labor Relations; A. Hyatt, General Attorney; J. Willingham, Attorney II | B. Mabry, AVP/CMO North, Mechanical; J. Wright, Vice President Mechanical; L. Esquivel, Superintendent Field Operations; D. Cargill, Asst. Manager Labor Relations; A. Hyatt, General Attorney; O. Wick, General Director Labor Relations; S. Johnson, Manager Labor Relations; J. Nelson, Asst. General | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client Privilege | Prepared in anticipation of litigation and at the direction of legal counsel; confidential communication between attorney and client. | BNSF's Counsel | Attorney-client and work product objections sustained. This email string includes the information gathered and cited for evaluation, along with the opinions of BNSF management employees and in-house counsel regarding whether and how, under federal law, Logsdon's allegations should be investigated, the investigation process, and the circumstances under which a dismissal for dishonesty is warranted. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | | Foreman Car; L. Stroik, Senior General Attorney; J. Willingham, Attorney II | | | | |
| 24 | Email correspondence re: Logsdon Claim Investigation | 4/2/13 | Global Options, Inc. | J. McCroskey, Senior Claims Representative | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot: Resolved by the parties. See footnote 1. |
| 25 | Investigation Report re: Logsdon Claim | 5/29/13 | Global Options, Inc. | J. McCroskey, Senior Claims Representative | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot: Resolved by the parties. See footnote 1. |
| 26 | Background Investigation Report | 5/23/14 | Clear | BNSF Claims Department | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's Counsel | Moot: Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 27 | Index of BNSF Claims File | 2/27/13 | BNSF Claims Department | BNSF's Counsel | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client communication | Prepared in anticipation of litigation and at the direction of legal counsel. Attorney-Client communication. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 28 | Index of BNSF Claims File | 5/31/14 | BNSF Claims Department | BNSF's Counsel | Attorney Work Product Doctrine; FRCP 26(b)(3); Attorney-Client communication | Prepared in anticipation of litigation and at the direction of legal counsel. Attorney-Client communication. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 29 | BNSF Performance Management Process Form for Andrew Callahan | Year-End 2009 | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | Employee Privacy and Confidential Business Information | PMPs contain private information of A. Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 30 | BNSF Performance Management | Year-End 2010 | L. Esquivel, Superintendent | L. Esquivel, Superintendent Field | Employee Privacy and | PMPs contain private information of A. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| | Process Form for Andrew Callahan | | Field Operations; A. Callahan, General Foreman | Operations; A. Callahan, General Foreman | Confidential Business Information | Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | | |
| 31 | BNSF Performance Management Process Form for Andrew Callahan | Year-End 2011 | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | Employee Privacy and Confidential Business Information | PMPs contain private information of A. Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 32 | BNSF Performance Management Process Form for Andrew Callahan | Year-End 2012 | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | L. Esquivel, Superintendent Field Operations; A. Callahan, General Foreman | Employee Privacy and Confidential Business Information | PMPs contain private information of A. Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 33 | BNSF Performance Management Process Form for Andrew Callahan | Year-End 2013 | M.J. Meenan, General Director Service Excellence; A. Callahan, Manager Service Excellence | M.J. Meenan, General Director Service Excellence; A. Callahan, Manager Service Excellence | Employee Privacy and Confidential Business Information | PMPs contain private information of A. Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 34 | BNSF Performance Management Process Form for Andrew Callahan | Year-End 2014 | M.J. Meenan, General Director Service Excellence; A. Callahan, Manager Service Excellence | M.J. Meenan, General Director Service Excellence; A. Callahan, Manager Service Excellence | Employee Privacy and Confidential Business Information | PMPs contain private information of A. Callahan and other employees of BNSF that are not a party to this litigation. Also contain private confidential business information on business strategy, financials, velocity, performance, and production. | BNSF's Counsel | Moot:  Resolved by the parties. See footnote 1. |
| 35 | E-mail chain re: Phone Calls from Logsdon alleging improper conduct by Callahan and threatening lawsuit | 7/29/13 | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations | D. Freshour, Regional Director Human Resources; L. Esquivel, Superintendent Field Operations | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Attorney-client and work product objections sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications regarding the intent to seek legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by Andrew Callahan. This email string includes the railroad's reason and plan for seeking legal advice from in-house counsel. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 36 | E-mail chain re: Phone Calls from Logsdon alleging improper conduct by Callahan and threatening lawsuit | 7/29/13 | D. Freshour, Regional Director Human Resources; M. Voloshin-Kile, Manager Human Resources | D. Freshour, Regional Director Human Resources; M. Voloshin-Kile, Manager Human Resources; P. Whitlock, Director Human Resources | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Work product objection sustained. This email string, initiated after Logsdon stated he intended to seek legal counsel if he was dismissed, includes communications regarding the intent to seek legal advice and direction on how to comply with federal law during the investigation and handling Logsdon's claim of intimidation by Andrew Callahan. This email string includes the railroad's reason and plan for seeking legal advice from in-house counsel. |
| 37 | E-mail chain re: plaintiff's injury statement to Claims with attachments: plaintiff's injury report and handwritten statement | 7/24/13 | L. Esquivel, Superintendent Field | A. Callahan, General Foreman; B. Mabry, AVP/CMO North, Mechanical; J. Wright, Vice President Mechanical | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Work product objection sustained as to page 1; denied as to pages 2-3. Plaintiff's Personal Injury Report (pages 2-3) must be disclosed; but the email commenting on that report (page 1) is part of the communications between BNSF management regarding allegations of plaintiff's dishonesty, the author's formal investigation, and his decision to assess discipline for plaintiff's dishonesty. |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**
*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| | Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|---|
| 38 | E-mail re: plaintiff's statement to Claims with attachment: transcription of plaintiff's statement, 5/31/13 | 7/29/13 | L. Esquivel, Superintendent Field | A. Callahan, General Foreman | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Work product objection overruled. This e-mail merely forwards a document. It contains no communications or discussions regarding investigation of Logsdon's claims. |
| 39 | E-mail chain re: New PEPA Violation and Notice of Investigation | 7/24/13 | EPTS Support Team | L. Bradfield, Mechanical Associate; V. Stenson Mattox, Admin; A. Callahan, General Foreman; R. Davila, Director Administration | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Work product objection sustained. This email notifies BNSF management that a disciplinary investigation has been initiated against Logsdon and includes the reasons for beginning that process. |
| 40 | E-mail chain re: Postponement of Formal Investigation | 7/30/13 | T. Rome, NCFO Vice General Chairman; V. Stenson Mattox, Mechanical Specialist; J. Nelson, Asst. General Foreman Car; L. Esquivel, Superintendent Field | J. Nelson, Asst. General Foreman Car; V. Stenson Mattox, Mechanical Specialist; L. Esquivel, Superintendent Field; A. Callahan, General Foreman | Attorney Work Product Doctrine; FRCP 26(b)(3) | Prepared in anticipation of litigation and at the direction of legal counsel. | BNSF's counsel | Work product objection sustained. This email string discusses whether Logsdon's formal investigation should be postponed. |
| 41 | Handwritten investigation notes re: phone | 7/29/13 | M. Voloshin-Kile, Manager Human | For the file, investigating Human Resources personnel, | Attorney Work Product Doctrine; | Prepared in anticipation of litigation and at the | BNSF's counsel | Work Product objection sustained. These notes, which reflect the information collected and the |

**BNSF RAILWAY COMPANY'S PRIVILEGE LOG**

*Steven C. Logsdon v. BNSF Railway Company; U.S. District Court for the District of Nebraska; Case No. 8:15 CV 00232*

| Description/Content | Date Prepared | Author(s) | Addressee(s) | Privilege | Basis | Possession | Court Ruling |
|---|---|---|---|---|---|---|---|
| conversation with A. Callahan, General Foreman, re: plaintiff's injury report | | Resources | and Legal Counsel. | FRCP 26(b)(3) | direction of legal counsel. | | thoughts and impressions of BNSF's Human Resources Department during the investigation into Logsdon's allegations, were made at the direction of counsel and to assist counsel in their review of and providing legal advice concerning the investigation of plaintiff's claims of intimidation, plaintiff's alleged misconduct for dishonesty, his formal investigation, and his subsequent discipline. |