IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN C. LOGSDON,

        Plaintiff,

vs.

BNSF RAILWAY COMPANY, a corporation;

        Defendant.

8:15CV232

**ORDER**

    The railroad has moved the court to reconsider its ruling on Plaintiff's motion to compel the production of BNSF training materials regarding the Federal Railroad Safety Act ("FRSA"), specifically 49 U.S.C. § 20109. (Filing No. 117). In support of the motion to reconsider, the railroad supplemented the record with documents underlying two training presentations held in 2014 and 2015. (Filing No. 121). Defendant claims the documents are privileged because they "provide legal interpretation, advice, and instruction from legal counsel to [the] client regarding specific issues and scenarios that might arise when an employee reports a personal injury and contain legal counsel's interpretation of federal law and advice on how management should act in specific scenarios to conform their conduct to legal requirements." (Filing No. 117, at CM/ECF p. 3).

    As my prior order explained:

> "[A]pplication of the privilege should ordinarily be limited to legal advice leading to a decision by the client." In re Domestic Drywall Antitrust Litig., 2014 WL 5090032, at *3–4 (E.D. Pa. 2014). General policy statements and instructional guides, the purpose of which is to notify employees of legal requirements, is not specific legal advice. "No court has yet held that a corporate policy of lawfulness is protected from discovery as privileged." Id. See also, Stevens v. Corelogic, Inc, 2016 WL 397936, at *6 (S.D. Cal. Feb. 2, 2016). Where, as in this case, the communication is from counsel to client, the privilege applies to only those communications by the lawyer which "reveal, directly or indirectly, the substance of a confidential

> communication by the client." Am. Standard Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987). Documents which merely explain an area of law fall outside the privilege: A summary of applicable law, by itself, neither reveals nor threatens to expose any client confidential communications. Id.

(Filing No. 111, at CM/ECF pp. 3-4).

After reviewing the railroad's submission in support of their motion to reconsider, (Filing No. 121), I find the materials are instructional or explanatory materials on the law and the railroad's related policies and codes of conduct. While these slide presentations may have been written and presented by in-house counsel, they were not intended to provide legal advice for any pending claim or to assist in making a decision on any specific legal matter. As such, they are not privileged.

Accordingly,

IT IS ORDERED that Defendant's motion to reconsider, (Filing No. 121), is denied.

January 18, 2017

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge