IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN C. LOGSDON,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a<br>corporation;<br><br>Defendant. | **8:15CV232**<br><br><br>**ORDER** |

This matter is before the court on Defendant BNSF's Motion for Amended Protective Order and Non-waiver of Privilege. (Filing No. 148). For the following reasons, Defendant's motion is denied.

Plaintiff Steve Logsdon moved to compel production of railroad training materials concerning FRSA/OSHA whistleblower laws. After extensive litigation regarding the training presentation, including an *in camera* review, this court determined the training presentation was not protected by the attorney-client privilege and ordered the railroad to produce the presentation materials. (See Filing No. 111 at CM/ECF pp. 3–4; Filing No. 132 at CM/ECF pp. 1–2).[1] The railroad now seeks an amended protective order which would limit the use/distribution of the training presentation materials to only this case. The railroad requests a court order pursuant to Fed. R. Evid. 502(d) and stating production of the training presentation materials in this case does not constitute a waiver of the attorney-client privilege over the subject matter.

---

[1] This court has additionally considered a motion to reconsider and an objection regarding the order requiring production of the presentation materials. (Filing Nos. 117 & 133). Defendant's motions were denied. (Filing Nos. 132 & 140).

BNSF contends the presentation materials are protected by the attorney-client privilege, stating they contain legal advice from counsel to the client. And it argues that although this Court has determined that the materials are not privileged, its dissemination among parties outside of this litigation will significantly impede BNSF's ability to assert the attorney-client privilege or work product doctrine in other forums: The railroad argues that other courts may disagree with this Court's finding that the materials are not privileged, and the dissemination of the documents will impede BNSF's ability to protect the information and to assert the attorney-client privilege in other forums.

Under Rule 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). One of the main purposes for enacting Rule 502(d) was to resolve longstanding disputes regarding the effect of inadvertent disclosures of privileged information and subject matter waivers. RiPL Corp. v. Google Inc., No. 2:12-CV-02050-RSM, 2013 WL 6632040 (W.D. Wash. Dec. 17, 2013). Courts interpreting Rule 502 have generally held that the rule applies only to documents or materials that are shown to be privileged and not to those materials that merely could be privileged. See Rajala v. McGuire Woods, LLP, No. 08-2683-CM-DJW, 2013 WL 50200 (D. Kan. Jan 13, 2013); Potomac Elec. Power Co & Subsidiaries v. United States, 107 Fed. Cl. 725, 728 (Fed. Cl. 2012); Frye v. Ayers, CIV990628LKKKJM, 2008 WL 4642783 (E.D. Cal. Oct. 16, 2008).

After reviewing the railroad's submissions in support of its motion, the court finds—once again--that the railroad has failed to show the presentation materials

are privileged. And except for Defendant's general assertion that other courts may hold differently on the issue, the railroad has failed to advance any argument that the training presentation documents must be kept from public view.

The undersigned magistrate judge acknowledges that as to the type of documents at issue, application of the attorney-client privilege is a novel issue, with no Supreme Court or Circuit law cited by the parties or found by the court on the topic. But seeking a Rule 502(d) protection order is not the appropriate means of further delaying disclosure and dissemination of the documents. Rather, as to privilege rulings in a specific case, filing a writ of mandamus is the procedural mechanism for preserving the privilege pending appellate court review. See, e.g., In re Bieter Co., 16 F.3d 929 (8th Cir.1994); Diversified Indus., Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977)).

Accordingly,

IT IS ORDERED that Defendant BNSF's Motion for Amended Protective Order and Non-waiver of Privilege, (Filing No. 148), is denied.

Dated this 19th day of April, 2017.

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge